*219
Curia, per

O’Neall, J.
The argument here has presented three questions for our consideration and judgment. 1st. Was the agreement to purchase binding on the defendant 1 2d. Was the plaintiff bound to shew on the trial of this case, a good and indefeasible title to the lands, and a right to convey the same, in order to entitle him to a recovery'/ 3d. Was the .plaintiff bound to have tendered a title for the land according to the description given of it in the contract of sale, before he could maintain this action 1
1. I am not disposed to question that the agreement made with the defendant by B. McKennie, as the agent of C. Breithaupt, trustee, would not have been binding on either party until ratified and confirmed by Breithaupt. If, therefore, Breithaupt had refused to comply with the contract, or if, before he had assented to it, defendant had refused to abide by it, he could not have been compelled to do so. But after the plaintiff assents to the contract, and offers to perform every thing which his supposed agent has undertaken he shall do, it is too late for the defendant to disclaim the contract, on the ground that it was originally not binding on the plaintiff. For at the time he makes the objection, it is the contract of both the plaintiff and the defendant in law, and binding on them. It is true that an agent cannot delegate his authority to another, without power to that effect being specially conferred on him by his principal; it is also true, that a trustee to sell cannot sell and convey by attorney; but this case steers clear of all these objections. For, notwithstanding the contract is made by one purporting to be an agent, yet it is made the contract of the principal, by his assent to be bound by it, before the defendant disclaims it; his conveyance, too, is made personally, and not by attorney — he has, therefore, in this point of view, executed his part of the contract, and there can be no objection raised to its want of legal obligation originally. If a contract, not binding in law on one of the parties, but neither mala in señor mala prohi-bita, is performed by him on whom there is no legal obligation, the other party cannot set up the original want of legal liability on the part of the party who has performed *220 it, as an excuse for non-performance on his part. Generally an agent, to bind his principal by deed, must execute it in his principal’s name. I am not disposed to think, however, that this technical rule extends beyond deeds. In a parol contract, if it appears to be made for another, and the person acting in a representative character is properly authorized to make it, it will bind his principal, no matter what may be the form used in making the contract. *
2. In an action at law on a contract for the sale of lands, the plaintiff is not bound to shew that he has any title. It is sufficient that the defendant, by his contract to buy, admits that he lias a title. The burthen of shewing the want of title is thrown on the defendant. His right to object to the plaintiff’s recovery at law, is on the ground of failure of consideration, and to sustain that as a ground to rescind the contract, if in possession of the land, he must shew that the plaintiff has no title to any part — if he is out of possession, the failure of the plaintiff’s title to a material part of the land, and which constituted the principal inducement to the contract, will be enough to rescind the contract. If the defence of failure of consideration is put on the footing of compensation by way of discount, then, whether the defendant is in or out of possession, he would be entitled at law to recover for the value of the land to which he was able to shew that the plaintiff’s title was defective. I concur, too, with the presiding Judge, that the defendant, by contracting with Breithaupt as trustee, admitted that to be his character. This was at least sufficient for the plaintiff, until the contrary was made to appear by the defendant. It is true, that in equity, a trustee cannot convey his cestui que trust’s estate, but at law there is no such rule — the legal estate is in the trustee, and his conveyance'is a good legal conveyance of it. In equity, too, the purchaser, if for a valuable consideration, and without notice, would be protected. A case might occur in which the existence of an equitable estate, which would defeat the legal estate conveyed, might be a good ground of defence at law to the purchaser. This, however, is to be shewn by the defendant, and it is sufficient for *221 the purposes of this case to say, that we are not aware of any ground on which his legal estate can be defeated by the cestui que trust. It may be so — if it is, he must shew it.
3. In a contract for the sale of land, the general rule is, that the execution of titles is a condition precedent to the payment of the money, unless the parties, by the terms of their contract, have fixed a day of payment before titles are to be executed. This makes it always a question of intention, to be gathered from the contract — did the parties intend the execution of titles to be postponed until after the whole, or a part, of the purchase money was paid ? If nothing is said in the contract about the execution of titles, they must be executed or tendered before the plaintiff can have any right of action. What is the, consideration of the defendant’s contract of purchase ? It is the land. Until titles are executed, he has not received the consideration ; in such a case, the fee, and not the possession, is what the defendant has contracted to buy. Until titles are executed, by being delivered and accepted, or tendered and refused, there is no consideration to support the defendant’s contract. A contract to purchase land is a common law contract, and the plaintiff is b.ound to set ■out in his declaration, and prove on the trial, the consideration, to entitle himself to recover. In the case of the Bank of Columbia vs. Hagner, 1 Pet. ft. 465, which was also a case on a contract for the sale of land, it is said : “ Although many nice distinctions are to be found in the books, upon the question whether the covenants or promises of the respective parties to the contract are to be considered independent or dependent; yet it is evident, the inclination of courts has strongly favored the latter construction, as obviously the most just. The seller ought not to be compelled to part with his property without receiving the consideration ; nor the purchaser to part with his money without an equivalent in return. Hence, in such cases, if either a vendor or vendee wish to compel the other to fulfil his contract, he must make his.part of the agreement precedent, and cannot proceed against the other without an actual performance of the agreement on his *222 part, or a tender and refusal. And an averment to that effect is always made in the declaration upon contracts containing dependent undertakings, and that averment must be supported by proof.” At page 467 it is said : “ From these authorities, it may be laid down as a settled rule, that at law, to entitle the vendor to recover the purchase money, he must aver in his declaration a performance of the contract on his part, or an offer to perform at the day specified for the performance. And this averment must be sustained by proof, unless the tender has been waived by the purchaser.”
The only inquiry, then, on this part of the case, is, did the parties intend payment to precede the execution of titles 1 The contract is, “ that the said Thurmond agrees to pay said Breithaupt, trustee as aforesaid, fifteen hundred dollars for three tracts of land,” (describing them) “payments as follows: two hundred dollars cash — three hundred dollars in negro property, at valuation — the balance of one thousand dollars, to be paid in one, two and three years, bearing interest from the time of possession, and giving approved personal security, with a mortgage of the premises, to secure the payment of the one thousand dollars.” The action is brought for the $200 to be paid in cash, and $300 in negro property, at valuation, and the question must be considered in relation to that payment. It was conceded in the argument, that if the action had been for either of the other payments, it was necessary to have shewn a tender of titles on the part of the plaintiff, to entitle him to recover. Is there any legal distinction in the contract, as to what would be necessary to enforce the different payments } To me there appears to be none. It is true in the last, interest is to accrue from 'the day of possession, but that is a mere equivalent for rent; the requisition of a mortgage to be executed, shews plainly enough that the parties contemplated that the defendant should have the title before he should be required to secure the last payments. Is there any thing in the contract which shews that the parties contemplated that the first payment should be made before titles were executed ? It is clear there is not. The contract is to buy the land for a gross *223 sum, to be paid in different payments. But the land, that is, the legal title, is the consideration of each. There is nothing which authorizes us to say that the promise of the plaintiff to make a title at a subsequent day, is the consideration of the payment now attempted to be enforced. When was it to be paid 1 On the day of the contract, is the plaintiff’s answer. That would be. true if the consideration had been executed. It was, however, then entirely executory. It may be with as much propriety said, that it was to be paid when titles were executed — and this is perhaps the legal interpretation of the contract, looking alone to that part which relates to the first payment. But taking the whole contract together, and giving it a reasonable construction, I am satisfied that the payment was to be made on the day possession was delivered ; and that titles were at the same time to be executed. In, however, any view of the case, the execution of titles, or a tender and refusal, was necessary to be averred and proved to fix the defendant’s liability to pay. In this respect, the charge of the presiding Judge was, we think, erroneous, and a new trial must be ordered. For although it appears from the evidence, that a title was tendered by B. McKennie, as agent for the plaintiff, under a power of attorney, yet as the presiding Judge held it to be unnecessary for the plaintiff to have tendered a title in order to enable him to maintain this suit, the question of tender was not passed upon by the jury. It may be that it was made by B. McKennie before the power of attorney was executed, for it appears to be junior to the date of the deed. It may be that it was made after the defendant had abandoned the possession, and given notice that he considered the contract as at an end. Either of these would be, perhaps, enough to shew that in legal contemplation, the tender made would not be enough to fix the defendant’s liability to pay the money. It may, too, turn out that the jury may believe that the witness was mistaken in saying that the deed produced on the trial, was the one which he saw tendered. For it seems that he can neither read nor write, and it is possible that he may have been mistaken. The question of a tender made, is a question of fact upon which the jury must *224 pass, and their finding of it is necessary to enable the court to pronounce judgment for the plaintiff. The motion for a new trial is granted.
Johnson and Harper, JJ. concurred.
Note. Vide Johnson vs. Purvis, 1 Hill, 322; Tharin vs. Pickling, 2 Rich. 361.